# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEZIAH IGNATIUS NESBETH, Register #A047-575-127,<br><br>Plaintiff,<br><br>vs.<br><br>BARACK OBAMA, et al.,<br><br>Defendants. | Civil No.   14cv2450 LAB (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **(ECF Doc. No. 2);**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF Doc. No. 3)**<br><br>**AND**<br><br>**(3)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

Neziah Igantius Nesbeth ("Plaintiff"), an immigration detainee at the San Diego Correctional Facility in San Diego, California, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 1), together with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) and a Motion to Appoint Counsel (ECF Doc. No. 3).

/ / /

/ / /

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). "[A]n alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because deportation proceedings are civil, rather than criminal in nature, and an alien detained pending deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated delinquent for, a violation of criminal law." *Agyeman*, 296 F.3d at 886. Thus, because Plaintiff is not a "prisoner" as defined by 28 U.S.C. § 1915(h), and the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to him.

Accordingly, the Court has reviewed Plaintiff's affidavit of assets and finds it is sufficient to show that he is unable to pay the $400 filing fee or post securities required to maintain a civil action. Therefore, Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) is GRANTED .

///

///

---

[1] All parties filing civil actions on or after May 1, 2013, must pay the $350 civil filing fee, as well as an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

## II. MOTION TO APPOINT COUNSEL

Plaintiff also requests appointment of counsel in this matter. *See* Pl.'s Mot. for Appoint. Counsel (ECF Doc. No. 3) at 1. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### A. Standard of Review

Any complaint filed by any person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are frivolous, malicious, or fail to state a claim upon which relief may be granted, or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

///

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.     Plaintiff's Allegations

Plaintiff's Complaint contains very few specific factual allegations. Plaintiff raises allegations of constitutional violations that range from his past incarceration in the California Department of Corrections and Rehabilitation ("CDCR"), his immigration proceedings, his criminal proceedings, past arrests, his detainment in the El Centro Detention Facility, interactions with various employees of the United States Department

of Homeland Security ("DHS") and his current detainment at the San Diego Correctional Facility.

Plaintiff seeks damages, and invokes federal jurisdiction over his case pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). *See* Compl. at 1. However, because some of his claims arose at the El Centro Detention Facility and the San Diego Correctional Facility, which operates under contract with the Department of Homeland Security's Immigrations and Customs Enforcement division ("ICE"), and is managed by CCA, a private corporation, to house ICE and U.S. Marshal Service detainees, the Court liberally construes some of Plaintiff's claims to arise under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

*Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978); *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) (under *Bivens*, "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights.").

To state a claim under *Bivens*, Plaintiff must allege that a person acting under color of federal law deprived him of his constitutional rights. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). Thus, the Ninth Circuit considers "[a]ctions under § 1983 and those under *Bivens* [as] identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991); *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006) (a suit brought pursuant to *Bivens* is the "federal analogue" to § 1983).

///
///
///
///

### C. Department of Homeland Security

As a preliminary matter, the Court notes Plaintiff has included the "U.S. DHS/ICE" as a Defendant in the caption of his Complaint (ECF Doc. No. 1 at 1). A *Bivens* action may only be brought against the responsible official alleged to have acted under color of federal law in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir.1988). *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Accordingly, to the extent Plaintiff intends to bring a claim against the DHS or ICE, it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). *Lopez*, 203 F.3d at 1127.

### D. Respondeat Superior

Second, the Court finds that to the extent Plaintiff seeks to hold a number of Defendants liable in their supervisory capacity including, the President of the United States, the Governor of California, the Attorney General for the United States, among others, his Complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim). Thus, Plaintiff must include in his pleading sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and describe personal acts by each individual defendant which show a direct causal connection to a violation of specific constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

/ / /

As currently pleaded, Plaintiff's Complaint fails to include any factual content to suggest that any of these Defendants personally participated in any unconstitutional violation. Therefore, he has failed to state a claim upon which relief can be granted as to any of these Defendants. *See* 28 U.S.C. § 1915(e)(2).

### E. Access to Courts Claims

Plaintiff alleges that the immigration detention facilities "fail to allow prisoners a reasonable amount of time" in the law library and as a result, he has "suffered 'detriment.'" (Compl. at 4.)

Prisoners "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Id.* at 828. To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a non-frivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, Plaintiff fails to allege any specific action on the part the part of employees of the detention facilities which precluded his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects

only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and . . . to challenge the conditions of [his] confinement."). In addition, Plaintiff must also, but has failed to, describe the non-frivolous nature of the "underlying cause of action, whether anticipated or lost." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

In short, because Plaintiff has failed to allege that "a complaint he prepared was dismissed," or that he was "so stymied" that "he was unable to even file a complaint," direct appeal, or petition for writ of habeas corpus that was not "frivolous," his access to courts claims fail. *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.").

Finally, Plaintiff's complaints related to the general deficiencies of the law library also fail to state a claim. Law libraries and legal assistance programs are only the means of ensuring access to the courts. *Lewis*, 518 U.S. at 351. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.*; *Blaisdell v. Frappiea*, 729 F.3d 1237, 1244 (9th Cir. 2013).

F.  Defense Counsel and Heck Bar

Plaintiff seeks monetary damages against attorneys appointed to represent him in his immigration and criminal proceedings. However, a person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Attorneys appointed to represent a criminal defendant during trial, do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442

n.12 (9th Cir. 1992). Thus, when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Accordingly, Plaintiff's claims against his defense counsel must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the alleged ineffectiveness assistance of his trial counsel, his claim amounts to an attack on the validity of his underlying criminal proceedings, and as such, is not cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004). *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

/ / /

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added). An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

Here, Plaintiff's ineffective assistance of counsel claims "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S. at 487. Were Plaintiff to succeed in showing that his defense counsel rendered ineffective assistance of counsel, an award of damages would "necessarily imply the invalidity" of his conviction. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for ineffective assistance of counsel is a conditional writ granting petitioner's release unless state retries him or allows him to pursue an appeal with the assistance of counsel within a reasonable time). Thus, because Plaintiff seeks damages for an allegedly unconstitutional criminal proceedings in a criminal case, and because he has not alleged that his conviction has already been invalidated, a section 1983 claim for damages has not yet accrued. *See Heck*, 512 U.S. at 489-90.

G.  <u>Prosecutorial Defendants</u>

In addition, the Court must dismiss Plaintiff's claims for money damages against various criminal prosecutors he has named as Defendants in this matter. Criminal prosecutors are absolutely immune from civil damages suits premised upon acts

committed within the scope of their official duties which are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman*, 793 F.2d at 1075. Thus, Plaintiff's claim against Defendants Cooley, Lacey, Matsumoto, and Booth are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against defendants who are immune from such relief without leave to amend.

### H. Judicial Defendants

In addition, to the Plaintiff is seeking money damages based on rulings made by Superior Court Judges presiding over his criminal proceedings and Immigration Court Judges presiding over his immigration proceedings, these Defendants are absolutely immune. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Therefore, these Defendants have absolute immunity from civil proceedings relating to these actions, which were performed within their judicial discretion and are dismissed from this action with prejudice.

### I. Rule 8

Finally, while the Court will provide Plaintiff with the opportunity to file an Amended Complaint, he must comply with Rule 8 of the Federal Rules of Civil Procedure. Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff's Complaint falls far short of providing the purported Defendants, with "fair notice" of what his claims are, or "the grounds upon which [they] rest[]." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168

(1993). While the Federal Rules adopt a flexible pleading policy, every complaint must, at minimum, give fair notice and state the elements of each claim against each defendant plainly and succinctly. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996).

### III.   CONCLUSION AND ORDER

Good cause appearing, therefor, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Appoint Counsel (ECF Doc. No. 3) is DENIED without prejudice.

2. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) is GRANTED.

3. Plaintiff's Complaint (ECF Doc. No. 1) is DISMISSED without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b). However, Plaintiff is GRANTED forty five (45) days leave from the date this Order is filed in which to re-open the case by filing a Amended Complaint. Plaintiff's Amended Complaint address the deficiencies of pleading noted in this Order and must also be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

Should Plaintiff *fail* to file a Amended Complaint within the time provided, this civil action shall remain closed and case shall remain dismissed without prejudice based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

DATED:  November 12, 2014

_____
**HONORABLE LARRY ALAN BURNS**
United States District Judge