# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEZIAH IGNATIUS NESBETH,<br><br>　　　　　　　　　　Plaintiff(s),<br>　vs.<br><br>BARACK OBAMA, et al.,<br><br>　　　　　　　　　　Defendant(s). | CASE NO. 14cv2450-LAB (WVG)<br><br>**ORDER DENYING REQUEST TO APPOINT PLAINTIFF'S WIFE AS HIS REPRESENTATIVE; AND**<br><br>**ORDER OF DISMISSAL** |

Plaintiff Neziah Nesbeth filed his civil rights complaint in this case on October 14, 2014. At the time, he was a prisoner in federal custody in this District. On November 13, the Court granted his motion for leave to proceed *in forma pauperis*, screened the complaint, and dismissed it for failing to state a claim. That order gave him 45 days to reopen the case by filing an amended complaint.

On November 19, the Court's order was returned as undeliverable, with the annotation that Nesbeth was no longer in custody. Civil Local Rule 83.11(b) requires parties proceeding pro se to keep the Court advised as to their current address.

On January 21, 2015, the Court accepted by discrepancy order a document received in the Clerk's office on January 15, and styled "Power of Attorney Consent and Change of Address." That document said nothing about an amended complaint, but instead purported to give his wife, Cheryl Nesbeth, power of attorney to litigate this case. That same document

says his current address is the same as his wife's, in Kissimmee, Florida, which confirms that he is in fact no longer in custody.

Nesbeth's request to have his wife litigate this case for him is **DENIED**. *See* Civil Local Rule 83.11(a) (providing that any person appearing pro se cannot delegate litigation duties to others, including spouses). Nor can she substitute in as counsel of record, because she is not admitted to practice before this Court. A review of public records she is also not admitted to practice in California.

While Nesbeth never received the Court's order of November 13, 2014 in the mail, the fact that he did not resulted from his violation of local rules, and was his own fault. Furthermore, because he has been released from custody (apparently no later than November 19, 2014), he is no longer entitled to the benefit of the "prisoner mailbox rule" or any of the other procedural protections afforded to prisoners. Being out of custody, he would have found it relatively easy to check the docket and follow the progress of the case. Moreover, it was his obligation to do so. *See Witty v. Dukakis*, 3 F.3d 517, 520–21 (1st Cir. 1993) (citing the "abecedarian rule of civil practice [that] parties to an ongoing case have an independent obligation to monitor all developments in the case and cannot rely on the clerk's office to do their homework for them"); Civil Local Rule 16.1(b) (providing that pro se litigants "must proceed with diligence to take all steps necessary to bring an action to readiness for trial"). *See also Powell v. Smith*, 2011 WL 4527412, at *2 (E.D.Cal., Sept. 28, 2011) (holding that pro se prisoner's failure to check the docket did not excuse failure to comply with time limits).

Because Nesbeth did not file an amended complaint within the time permitted, in order to reopen this case (*see* Docket no. 4), this action is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk is directed to close the docket.

**IT IS SO ORDERED**.

DATED: January 22, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge